IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NADINE HOWELL, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 24-0293-WS-C |
| | ) |
| HANSEN AIR PROS, LLC, | ) |
| | ) |
|    Defendant. | ) |

**ORDER**

In March 2025, the defendant filed a suggestion of bankruptcy. (Doc. 27). The Court promptly stayed this action in recognition of the automatic stay imposed by 11 U.S.C. § 362(a). (Doc. 28). In October 2025, the defendant notified the Court that the Bankruptcy Court had entered an order confirming a Chapter 11 plan of liquidation and that the automatic stay had recently expired. (Docs. 36, 38). Because the defendant did not assert that it had received a discharge, the Court lifted its stay but did not dismiss the action. (Doc. 39). The defendant has now filed a motion for summary judgment. (Doc. 47). The plaintiff has filed a response and the defendant a reply, (Docs. 51-52), and the motion is ripe for resolution.

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*. "Even after *Celotex* it is never enough simply to state that the

non-moving party cannot meet its burden at trial." *Id*.; *accord United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 n.19 (11th Cir. 1991) (en banc). "When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact ...." *Id*. at 1438 (emphasis in original); *accord Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

The defendant quotes from the confirmed Chapter 11 plan ("the Plan"), which states that, although "the Plan does not discharge the Debtors," potential claimants (including the plaintiff) "are permanently enjoined ... from ... continuing ... any action" against the debtors and certain others. (Doc. 47 at 4). The defendant argues that the injunction, approved by the Bankruptcy Court, precludes the plaintiff from pursuing her claims against the defendant. (*Id*. at 7).

The confirmation of a plan generally discharges the debtor from pre-existing debts. 11 U.S.C. § 1141(d)(1). A discharge generally operates as an injunction against the continuation of an action against the debtor. *Id*. § 524(a). However, "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." *Id*. § 524(e). Thus, "pursuant to section 524(e), a plaintiff may proceed against the debtor simply in order to establish liability as a prerequisite to recover from another, an insurer, who may be liable." *In re: Jet Florida Systems, Inc*., 883 F.2d 970, 976 (11th Cir. 1989).

According to the plaintiff, the defendant has maintained liability insurance that may provide coverage for the plaintiff's claims. (Doc. 51-1 at 2). Before proceeding against the debtor in order to potentially recover from the insurer, the plaintiff must receive permission from the Bankruptcy Court to do so. *SuVicMon Development, Inc. v. Morrison*, 991 F.3d 1213, 1223-24 (11th Cir. 2021). The plaintiff has recently filed with the Bankruptcy Court a motion for relief from the discharge injunction[1] for this purpose.

---

[1] The confirmation of a plan discharges the debtor "[e]xcept as otherwise provided in ... the plan." 11 U.S.C. § 1141(d)(1). As the Court understands the Plan, by its terms it did not discharge the defendant, due to the applicability of 11 U.S.C. § 1141(d)(3). (Doc. 47 at 4). Although the injunction against proceedings against the defendant thus may stem from the Plan

2

(Doc. 51-1). The plaintiff argues the motion for summary judgment should be denied because it may receive permission to proceed against the defendant in this manner. (Doc. 51 at 3-4).

The defendant raises two objections to the plaintiff's argument: (1) that it is "pure conjecture and speculation" whether the Bankruptcy Court will grant the plaintiff her requested relief; and (2) that the plaintiff "unreasonabl[y] and inexcusabl[y] delay[ed] in seeking such relief." (Doc. 52 at 2-3).

The defendant's only stated reason for labeling the plaintiff's chances of success before the Bankruptcy Court as conjectural and speculative is the trivially true observation that the tribunal has yet to rule. The defendant identifies nothing suggesting the plaintiff has little chance of success in its quest to continue this action, and it identifies no authority for the proposition that even a low chance of such success must, should, or even could furnish grounds to dismiss an action pending such a ruling. As the party seeking summary judgment, the defendant's failure to carry its initial burden is fatal to its position.

As for delay, the defendant argues the plaintiff should have sought relief from the Bankruptcy Court in March 2025 (when the defendant filed its suggestion of bankruptcy) rather than in February 2026 (when preparing her opposition to the instant motion). The single authority the defendant cites for this proposition dealt only with the judicial doctrine of laches. *Equal Employment Opportunity Commission v. Dresser Industries, Inc.*, 668 F.2d 1199 (11th Cir. 1982). Laches addresses "a plaintiff's delay in filing suit," *id*. at 1201, which is not at issue here. Even if laches or a similar doctrine applied, the defendant would have to show that the plaintiff's delay "unduly prejudiced" it. *Id*. at 1202. The defendant posits that it has been prejudiced because its business "is no longer in operation and no longer employs any witnesses with knowledge of Plaintiff's claims." (Doc. 52 at 4). Because laches is an affirmative defense, Fed. R. Civ. P. 8(c), the

---

rather than from Sections 524(a) and 1141(d)(1), the parties do not consider this a distinction with a difference for present purposes.

defendant must affirmatively demonstrate, with record evidence, the circumstances causing it undue prejudice. Merely being closed and not employing witnesses is not undue prejudice; by its own authority, the defendant must show that witnesses are "unavailable" (not merely working elsewhere) and that "pertinent records" have been "los[t]" (not merely placed in storage). *Dresser Industries*, 668 F.2d at 1203. The defendant presents no evidence with which to make this demonstration, and that failure is again fatal.

For the reasons set forth above, the defendant's motion for summary judgment is **denied**. Because the plaintiff does not deny that the injunction imposed by the Plan is in effect, this action is **stayed** pending further order of the Court. The plaintiff is **ordered** to file and serve, on or before **March 10, 2026**, and on or before the tenth day of each succeeding month, a status report detailing the status of its motion for relief from discharge injunction. The plaintiff is further **ordered** to notify the Court of any ruling on that motion within fourteen days of such ruling.

DONE and ORDERED this 23rd day of February, 2026.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE
